# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA CLARK, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | NO. CIV-09-901-D |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation; PRUDENTIAL FINANCIAL, a foreign corporation; and DUNCAN REGIONAL HOSPITAL LONG TERM DISABILITY PLAN, an Employee Welfare Benefit Plan, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In this action, Plaintiff asks the Court to reverse the denial of her claim for disability benefits under the Duncan Regional Hospital Long Term Disability Plan ("Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U. S. C. § 1001 *et seq.* ("ERISA"). Asserting a claim pursuant to 29 U. S. C. § 1132(a)(1)(B), Plaintiff argues the Plan administrator wrongfully denied her claim in violation of ERISA, and asks the Court to reverse the decision, award her past benefits, and determine she is entitled to continuing benefits under the Plan so long as she remains disabled.

As directed in the Court's Scheduling Order, the parties submitted the Administrative Record and timely filed briefs supporting their respective arguments. Defendants style their opening brief as a summary judgment motion [Doc. No. 29], and argue the Plan administrator's decision must be affirmed and judgment entered in their favor. Although Plaintiff's brief [Doc. No. 28] is not labeled a summary judgment motion, it seeks judgment in her favor on all claims asserted.

During the status and scheduling conference in this case, the Court advised the parties that its review would be confined to the Administrative Record, absent a motion to conduct discovery and the Court's determination that discovery was necessary. Because no motion was filed,[1] the Court's review is confined to the record.[2]

I. Background:

From August 6, 1991 to November 26, 2007, Plaintiff was employed by Duncan Regional Hospital ("Hospital") as a Licensed Practical Nurse ("LPN"). Throughout her employment, she was a participant in the Duncan Regional Hospital Long Term Disability Plan (the "Plan"). Prudential Insurance Company of America ("Prudential") is the administrator of the Plan and is also its insurer; as administrator, Prudential made the decision to deny Plaintiff's claim for disability benefits.[3]

Plaintiff contends that, in October of 2006, she was diagnosed by Dr. Amy Shultz, a board

---

[1] In the Scheduling Order [Doc. No. 27], the Court noted Plaintiff indicated during the status conference that discovery might be requested; the Court advised Plaintiff that she would be required to file a motion seeking authorization to conduct discovery. In the Scheduling Order, the Court set a deadline for filing the same, and also set deadlines for response and reply briefs. Plaintiff did not file a motion.

[2] The Tenth Circuit recently clarified its prior opinions regarding the propriety of discovery in an ERISA case. *Murphy v. DeLoitte & Touche Group Insurance Plan*, __ F. 3d __, 2010 WL 3489673 (10th Cir. Sept. 8, 2010). The Circuit held that, in some cases where a plan administrator and insurer are the same entity, the district court may properly grant a request to conduct discovery regarding the extent of the resulting conflict of interest. That decision does not alter the Court's ruling in this case, however, as Plaintiff was given the opportunity to request authorization to conduct discovery, and she did not do so. Furthermore, *Murphy* reiterated the established rule that discovery is not authorized to supplement the administrative record; the Plan administrator's decision is reviewed according to the record before it at the time it made the decision to deny benefits. 2010 WL 3489673, at *6 and n.4.

[3] Prudential contends that Prudential Financial and Duncan Regional Hospital Long Term Disability Plan are not proper defendants in this action and that, regardless of the merits of its decision to deny benefits, both should be dismissed as defendants. Plaintiff does not address this argument. Prudential is correct, as the "proper defendant to an ERISA action brought by plan participants to recover benefits due is the entity which controls the ultimate decision to pay or not pay benefits." *Basquez v. East Central OK Elec. Co-op., Inc.,* 2008 WL 906166, at *6 (E.D. Okla. Mar. 31, 2008) (unpublished opinion); *see also Everhart v. Allmerica Financial Life Ins. Co.*, 275 F. 3d 751, 759 (9th Cir. 2001); *Hall v. Lhaco, Inc.,* 140 F. 3d 1190, 1194 (8th Cir. 1998); *Garren v. John Hancock Mutual Life Insurance Co.*, 114 F. 3d 186, 187 (11th Cir. 1997). Plaintiff seeks only the recovery of Plan benefits, and directs her allegations at Prudential as the Plan administrator; she asserts no claims against Prudential Financial or Duncan Regional Hospital Long Term Disability Plan. Accordingly, the only proper defendant is Prudential, the Plan administrator.

2

certified rheumatologist ("Dr. Shultz"), with an undifferentiated connective tissue disease and fibromyalgia. Dr. Shultz's records regarding Plaintiff's treatment are included in the Administrative Record ("Record") at pages D0089 through D0110. Plaintiff was referred to Dr. Shultz by her physician, Dr. Demetra Cox ("Dr. Cox"), after Plaintiff complained of joint and muscle pain, headaches, impaired mobility, and fatigue. Dr. Cox initially treated Plaintiff for these symptoms, prescribing medication for pain and for insomnia. Although Plaintiff reported the medication helped, she continued to complain of muscle pain; she was then referred to Dr. Shultz. Dr. Cox's records regarding Plaintiff are included in the Record, pages D0039 through D0085.

During this time period, Plaintiff was an LPN in the Hospital's home health program; she worked with patients in their homes rather than on the Hospital premises. According to Plaintiff, her condition became worse in 2007, and her memory and ability to concentrate were affected. She contends she was concerned that these conditions prevented her from performing her job. She states that, upon the advice of Dr. Shultz, she stopped working on August 19, 2007.

On or about September 6, 2007, Plaintiff applied for Plan disability benefits. Prudential requested medical documentation evidencing the conditions which she claimed rendered her disabled, and Plaintiff submitted copies of medical records from Dr. Schultz and Dr. Cox. Plaintiff's application was denied on November 16, 2007.[4] In accordance with her rights under the Plan, Plaintiff requested reconsideration of that decision.

In addition to seeking Plan benefits, Plaintiff applied for Social Security disability benefits; on or about January 20, 2008, her Social Security application was approved, and she was notified benefits would commence in February of 2008 for a period of at least five calendar months. Record

---

[4]Following this denial, Plaintiff resigned her employment, effective November 26, 2007.

3

at page D0031. Plaintiff submitted a copy of the Social Security approval notice to the Plan administrator in connection with her first request for reconsideration of her claim; she also submitted a letter from Dr. Shultz and a note reflecting a December 11, 2007 office visit with Dr. Cox.

In connection with its reconsideration of Plaintiff's claim, Prudential requested an independent medical review by a specialist in rheumatology. Record, pages D0157 through D0158. Prudential submitted Plaintiff's medical records to the independent medical examiner, Dr. Joel M. Shavell ("Dr. Shavell"), who is board certified in both internal medicine and rheumatology. Prudential asked Dr. Shavell to conduct a review of Plaintiff's medical records, address specific points, and provide a written report with his opinion as to whether Plaintiff had functional limitations rendering her unable to work. Following his review of the medical records, Dr. Shavell submitted a written report advising Prudential that, in his opinion, the medical evidence did not support a finding that Plaintiff suffered from connective tissue disease or fibromyalgia or a conclusion that Plaintiff was functionally impaired and unable to perform her job duties because of these or any other conditions. Record, pages D0013 through D0017.

On February 25, 2008, Prudential notified Plaintiff that its denial of her claim was upheld on first reconsideration. Record, pages D0153 through D0156. Its notification discussed in detail the records reviewed by Dr. Shavell, his findings and conclusions, and his opinion that the medical evidence established Plaintiff was not functionally impaired at the relevant time; Prudential also discussed the physical and exertional requirements of Plaintiff's job duties, and advised her that, based on the independent medical review, its initial denial of her claim was upheld. *Id.*

Plaintiff then exercised her right to request a second reconsideration of her claim. In connection with that request, she submitted correspondence from Dr. Cox and from her supervisor,

4

Anita Frogge. Her attorney also submitted a letter on her behalf. Prudential again submitted these materials to Dr. Shavell, and requested that he conduct another review and determine if the additional material altered his previous conclusion. Dr. Shavell submitted a June 16, 2008 report in which he advised he had again reviewed his previous report and accompanying medical evidence, as well as the new material submitted; he concluded that the new information did not alter his previous conclusion that the medical evidence did not show Plaintiff was functionally unable to perform her work. Record, pages D0020 through D0021.

On June 25, 2008, Prudential notified Plaintiff, through her counsel, that its initial decision to deny her claim was upheld on her second request for reconsideration. Its notification again detailed the basis for its decision, including the medical review by Dr. Shavell and the assessment of the physical requirements of Plaintiff's position. Record, pages D0146 through D0149. Prudential also explained that, pursuant to the Plan procedures, no further internal appeal rights were available to Plaintiff; however, it advised her of her right to pursue a lawsuit. *Id.*, page D0149. Plaintiff then filed this action, asserting a wrongful denial of benefits claim under ERISA, 29 U. S. C. § 1132(a)(1)(B).

II. Standard of review of the Plan administrator's decision:

A. General rules governing review of ERISA plan administrator decisions:

Before considering the merits, the Court must determine the appropriate standard of review applicable to the Plan's decision to deny Plaintiff's long-term disability benefits claim. "[A] denial of benefits" claim covered by ERISA "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115

(1989). Where the plan gives the administrator the requisite discretionary authority, the Court must "employ a deferential standard of review, asking only whether the denial of benefits was arbitrary and capricious." *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment and Dependent Life Ins.*, 605 F. 3d 789, 796 (10th Cir. 2010) (citing *Weber v. GE Group Life Assurance Co.*, 541 F. 3d 1002, 1010 (10th Cir. 2008)).

As noted, *supra*, the Court previously advised the parties in this case that its review of Prudential's decision would be confined to the administrative record. That the Court's review is confined to the record does not, however, necessarily dictate the standard of review to be applied, as both standards typically restrict the Court's review to the administrative record.[5]

Plaintiff contends that the Court must conduct a *de novo* review of the record, arguing that the Plan does not grant the Plan administrator the discretionary authority necessary to permit a deferential review under the arbitrary and capricious standard. Alternatively, Plaintiff contends *de novo* review is required because Prudential is both the administrator and insurer of the Plan, and thus has an inherent conflict of interest which may impact the propriety of its decision.[6] Prudential argues the Plan language contains the necessary discretion required to apply the arbitrary and capricious standard of review. It does not dispute that it is both the Plan administrator and insurer; however, it contends that the resulting conflict of interest does not require *de novo* review and should be given minimal weight under the circumstances of this case.

---

[5]*De novo* review is restricted to the administrative record unless "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision," and the party seeking to supplement bears the burden of showing that the additional evidence is necessary. *Hall v. Unum Life Insurance Co. of America*, 300 F. 3d 1197, 1202 (10th Cir. 2002). Under the arbitrary and capricious standard, the Court's review is based only on the administrative record. *LaAsmar*, 605 F. 3d at 796.

[6]The impact of the conflict of interest on the Court's review of the record is discussed, *infra*.

The degree of discretion conferred on the administrator is determined by the ERISA plan documents. *Firestone,* 499 U.S. at 115; *Scruggs v. ExxonMobil Pension Plan*, 585 F. 3d 1356, 1361 (10th Cir. 2009). The requisite degree of discretion exists where the plan language clearly provides that the administrator has "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U. S. at 115; *Scruggs*, 585 F. 3d at 1361. No particular language is dictated; however, the Tenth Circuit has held that, where a plan states that the grant or denial of a particular benefit is to be determined by "proof satisfactory to the administrator," sufficient discretion exists to require review under the arbitrary and capricious standard. *Nance v. Sun Life Assurance Company of Canada,* 294 F. 3d 1263, 1267-68 (10th Cir. 2002). In *Nance*, the Circuit held plan language that proof of long term disability "must be satisfactory to Sun Life," the plan administrator, was sufficient. *Id.* at 1267. Other courts have found sufficient discretionary authority where the plan requires that "proof must be satisfactory to us," *Donato v. Metro. Life Ins. Co.,* 19 F. 3d 375, 379 (7th Cir. 1994), or where the plan authorizes the fiduciary to determine benefit eligibility. *Gust v. Coleman Co., Inc.*, 740 F. Supp. 1544, 1548-41 (D. Kan. 1990), *aff'd* 936 F.2d 583 (10th Cir. 1991) (table). *See also Yeager v. Reliance Standard Life Ins. Co.*, 88 F. 3d 376, 381 (6th Cir. 1996) (language stating claimant must submit "satisfactory proof of Total Disability to us" conferred discretion). Where, however, a plan states only that satisfactory proof is required, without stating to whom the proof must be submitted or identifying the party charged with deciding if the proof is satisfactory, the language does not confer sufficient discretion to warrant application of the arbitrary and capricious standard of review. *Nance*, 294 F. 3d at 1267 (citing *Herzberger v. Standard Insurance Co.*, 205 F. 3d 327, 331 (7th Cir. 2000)).

7

B. Application to Plan language:

The Plan is included in the Record, beginning at page D0171; it contains several provisions expressly authorizing Prudential to make certain decisions regarding eligibility and to determine the sufficiency of the submitted medical evidence. These include an express Plan provision stating that Prudential has the authority to determine whether the claimant is disabled within the meaning of the Plan:

> You are disabled <u>when Prudential determines</u> that:
>
>   ..you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury;* and
>   ..you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury.*

Record, page D000197 (italics in original; other emphasis added). In addition, the Plan defines "we" as Prudential, and it provides that disability payments will begin when "<u>we approve your claim</u>." Record at pages D000192, D000198 (emphasis added). Furthermore, the Plan explanation of how eligibility for disability is determined states that "<u>[w]e may require</u> you to be examined by doctors...<u>We can require</u> examinations as often as it is reasonable to do so. <u>We may also require</u> you to be interviewed by an authorized Prudential Representative." Record, page D000197 (emphasis added). Additional portions of the Plan provide that "Prudential" will "determine" other matters including, *inter alia*, qualification for deductible income benefits, whether disabilities are due in whole or part to mental illness, and whether disabilities are based on self-reported symptoms. *Id.*, pages D000203 and D000205. The Plan also states that "[w]e may request that you send proof of continuing disability, <u>satisfactory to Prudential</u>, indicating that you are under the regular care of a doctor." Record, page D000210 (emphasis added).

In general, Plan language stating that existence of a disability is to be "determined by" the

8

named administrator is sufficient to confer the discretion warranting an arbitrary and capricious standard of review. *See Firestone,* 489 U.S. at 115. Furthermore, the Tenth Circuit has found Prudential plan language identical or similar to that in this case sufficient to confer the requisite discretion. *McGraw v. Prudential Insurance Co. of America*, 137 F. 3d 1253, 1259 (10th Cir. 1998) (Prudential plan stating that certain matters "must be determined by Prudential" is sufficient to confer discretion). A plan provision providing that "[y]ou are disabled when Prudential determines" certain conditions exist, has also been found sufficient. *Landheim v. The Prudential Insurance Company of America*, 2006 WL 978715, at *4 (D. Utah April 11, 2006) (unpublished opinion)(language identical to that in this case at Record page D000197 held sufficient). Other courts have also found the requisite discretionary authority based on Plan language that a disability exists when "Prudential determines that" certain conditions are met. *Green v. Prudential Ins. Co. of America*, 383 F. Supp.2d 980, 990-91 (M. D. Tenn.2005); *Adams v. Prudential Ins. Co. of America*, 280 F. Supp.2d 731, 736 (N. D. Ohio 2003); *Chapman v. Prudential Life Ins. Co. of America* , 267 F. Supp. 2d 569, 577 (E.D. La. 2003).

Having carefully considered the terms of the Plan and the court decisions examining similar plan language, the Court concludes the Plan grants to Prudential the discretionary authority required to apply the arbitrary and capricious standard of review. Accordingly, the Court will review the decision by examining the administrative record to determine if Prudential's denial of Plaintiff's claim was arbitrary and capricious. However, as Plaintiff argues, the Court must also decide if Prudential's role as both insurer and Plan administrator impacts the standard of review.

<u>C. Impact of conflict of interest:</u>

Where an ERISA plan administrator is also the insurer of the plan, an inherent conflict of

interest exists. *DeGrado v. Jefferson Pilot Financial Ins. Co.*, 451 F. 3d 1161, 1167-68 (10th Cir. 2006)(citing *Welch v. Unum Life Ins. Co. of Am.*, 382 F. 3d 1078, 1087 (10th Cir.2004)). More specifically, because it is both the insurer and Plan administrator in this case, Prudential "may favor, consciously or unconsciously, its interests over the interests of the plan beneficiaries." *Id.* (citing *Fought v. UNUM Life Ins. Co. of Am.*, 379 F. 3d 997, 1003 (10th Cir.2004).

That an inherent conflict of interest exists does not, however, require the Court to conduct a *de novo* review of Prudential's decision; a "deferential standard of review remains appropriate even in the face of a conflict." *Conkright v. Frommert*, __ U.S. __, 130 S. Ct. 1640, 1646 (2010). Instead, the conflict "should be weighed as a factor in determining whether there is an abuse of discretion." *Metropolitan Life Insurance Co. v. Glenn*, 554 U. S. 105, 128 S. Ct. 2343, 2350 (2008). Prior to *Glenn*, the Tenth Circuit held that, where a conflict exists, the burden shifts to the plan administrator to "establish by substantial evidence that the denial of benefits was not arbitrary and capricious." *Fought*, 379 F. 3d at 1005. However, *Glenn* "expressly rejects and therefore abrogates this approach," holding it is not "'necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules focused narrowly upon the evaluator/payor conflict.'" *Holcomb v. Unum Life Ins. Co. of America*, 578 F. 3d 1187, 1192-93 (10th Cir. 2009) (quoting *Glenn*, 501 U. S. at ___, 128 S. Ct. at 2351). As the Circuit explained:

> *Glenn* embraces instead a "combination-of-factors method of review" that allows judges to "tak[e] account of several different, often case-specific, factors, reaching a result by weighing all together." A conflict "should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision ... [and] should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy...."

*Holcomb*, 578 F. 3d at 1193 (quoting *Glenn*, 128 S. Ct. at 2351).

In inherent conflict cases, the Tenth Circuit applies a "sliding scale" analysis in which the degree of deference afforded a plan administrator's decision is reduced according to the severity of the conflict. *See, e.g., Allison v. UNUM Life Ins. Co. of America*, 381 F. 3d 1015, 1021 (10th Cir. 2004). Since the decision in *Glenn*, the Circuit has continued to apply the sliding-scale analysis. *Loughray v. Hartford Group Life Insurance Co.*, 366 F. App'x 913, 923 (10th Cir. 2010) (unpublished opinion). In *Loughray*, the Circuit described the analysis as giving the conflict "greater weight 'where circumstances suggest a higher likelihood that it affected the benefits decision' and less weight where the administrator has minimized the risk that the conflict would impact the benefits decision." *Loughray*, 366 F. App'x at 923 (quoting *Glenn*, 128 S. Ct. at 2351).

An administrator minimizes the risk that the conflict will impact its decision where it employs the services of an independent medical examiner to review the claim; if it has done so, the conflict of interest "warrants only little weight" in the Court's review of the decision. *Id.*; *see also Holcomb*, 578 F. 3d at 1193 (little weight afforded the conflict where the administrator "took steps to reduce its inherent bias by hiring two independent physicians"). In addition, the Tenth Circuit has found the conflict minimized where the administrator considered additional information submitted by the plaintiff in connection with her appeal of the initial denial of her claim. *Loughray*, 366 F. App'x at 924.

In this case, Prudential twice sought an independent medical review of the evidence submitted by Plaintiff, and that review was conducted by a board certified rheumatologist. Prudential also allowed Plaintiff to supplement the material in her file on more than one occasion. There is no evidence in the Record suggesting that Prudential restricted Plaintiff's ability to submit medical evidence or impaired her ability to seek full review and reconsideration of her claim. On the

11

contrary, it advised her of her rights to do so under the Plan. The considerable material reviewed by Prudential, its decision to seek an independent medical review on two occasions, and its reliance on the independent medical review reflect that it took steps to reduce the risk that its decision would be biased because of its conflict of interest. Consequently, although the inherent conflict is a factor to be considered in applying the arbitrary and capricious review standard, the Court follows Tenth Circuit decisions applying similar facts and will afford slight weight to the conflict of interest.[7]

III. Analysis:

Applying the foregoing rules to the facts of this case, the Court has reviewed the Record and Prudential's decision according to the arbitrary and capricious standard. As discussed, *supra*, the Court has applied the Tenth Circuit standards to the facts of this case and, as a result, affords slight weight to Prudential's inherent conflict of interest. Applying the arbitrary and capricious standard of review, the Court finds that the Record contains substantial evidence supporting Prudential's denial of Plaintiff's claim.

As discussed, *supra*, Prudential gathered considerable medical evidence and considered the medical records provided by both Dr. Shultz, a board-certified rheumatologist, and by Dr. Cox, Plaintiff's regular physician. Prudential's November 16, 2007 notification of the denial of Plaintiff's

---

[7]The fact that summary judgment is requested does not impact the Court's application of the arbitrary and capricious standard of review. Typically, summary judgment is appropriate where there is no "genuine dispute of material fact" and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In ERISA actions, however, where the plaintiff is challenging the plan administrator's denial of benefits and ... [the] abuse of discretion standard of review applies, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply.'" *Farhat v. Hartford Life & Accident Ins. Co.*, 439 F.Supp.2d 957, 966 (N.D.Cal.2006) (quoting *Bendixen v. Standard Ins. Co.*, 185 F. 3d 939, 942 (9th Cir.1999)). Where the parties seek judgment in an ERISA case based on denial of a claim for benefits, "'summary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor.'" *LaAsmar v. Phelps Dodge Corp. Life, Accidental Death & Dismemberment and Dependent Life Ins. Plan*, 605 F. 3d 789, 796 (10th Cir. 2010) (quoting *Bard v. Boston Shipping Ass'n*, 471 F. 3d 229, 235 (1st Cir.2006) (internal quotation omitted).

claim explains in detail the basis for its decision that Plaintiff's various medical conditions did not render her unable to perform her job as of the relevant date. Record, pages D0161-D0164. That notification recited the Plan's definition of a disability as occurring when "Prudential determines that: you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury." Record, p. D0161. Prudential then explained in detail the evidence in the medical records provided by Plaintiff, summarizing the reports of Dr. Shultz and Dr. Cox. *Id.,* p. D0162.

Prudential then explained that, based on the medical evidence, it had considered whether any one of several medical conditions limited Plaintiff's functional capacity. These included hypertension, hyperlipidemia, and diabetes mellitus, as well as "upper and lower extremity pain, reported concentration and memory problems, undifferentiated connective tissue disease and fibromyalgia." [8] Record, pp. D0162-D0163. Prudential acknowledged its review of the reports of Drs. Cox and Shultz, and Dr. Shultz's diagnosis of fibromyalgia; however, it also noted the medical evidence reflected the same symptoms over a period of one year, and the fact there were "no significant adjustments made" in Plaintiff's medical plan of care throughout that period. *Id.,* at p. D0163. The record also reflected that Plaintiff reported her condition improved during the course of medication prescribed by both Dr. Cox and Dr. Shultz, and the Court finds Prudential's interpretation of the medical evidence was neither arbitrary nor capricious.

Upon Plaintiff's first request for reconsideration, Prudential sought an independent medical

---

[8] Plaintiff criticizes Prudential for concluding diabetes and hypertension were not disabling, contending that she never sought disability benefits based on those conditions. However, the medical records she submitted reflected that her physicians pursued possible treatment for these conditions. Therefore, the Court finds Prudential's inclusion of these conditions does not suggest its decision was arbitrary or capricious.

review. The report and conclusions of the independent medical examiner, Dr. Shavell, a board certified rheumatologist, were relied upon by Prudential in its decision, as explained to Plaintiff in the notification of that decision. Record, pages D0154 through D0155. In his report, Dr. Shavell explained in detail the basis for his conclusion that the medical evidence did not support a diagnosis of fibromylagia or connective tissue disorder. He discussed the known symptoms of these conditions and noted the absence of these symptoms in Plaintiff's medical records. Record, pages D0015 through D0016. He further opined that the limited symptoms she exhibited were not significant indicia of undifferentiated connective tissue disease or fibromyalgia. *Id.,* at D0016. He further discussed the potential impact of other conditions reflected in Plaintiff's medical records, including diabetes mellitus and hypertension, and concluded that the medical evidence established Plaintiff was not diabetic, and her mild hypertension did not render her functionally impaired. Record, page D0015 through D0016.

In its consideration of Plaintiff's second request for reconsideration, Prudential again submitted Plaintiff's medical evidence, supplemented by Plaintiff, to Dr. Shavell. Upon review, he advised that the new evidence did not alter his previous conclusion that the medical evidence did not support a finding that Plaintiff was functionally impaired. Record, pages D0020 through D0022. Prudential again relied on Dr. Shavell's report in its decision to deny the second request for reconsideration, and it explained to Plaintiff the medical basis for that decision. Record at pages D0146 through D0149.

The Court concludes that there is substantial medical evidence in the record to support Prudential's decision, and its decision was not arbitrary or capricious. Plaintiff suggests that Prudential acted arbitrarily in not accepting the fibromyalgia diagnosis of her rheumatologist, Dr.

14

Shultz. However, when considering the opinion of Plaintiff's treating physician, the Plan administrator is not required to place greater weight on that opinion than on those of other physicians, as "plan administrators are not obliged to accord special deference to the opinions of treating physicians," nor does ERISA place "a heightened burden of explanation on administrators when they reject a treating physician's opinion." *Black & Decker*, 538 U. S. at 823; *Rasenack ex rel. Tribolet v. AIG Life Ins. Co.*, 585 F. 3d 1311, 1325 (10th Cir. 2009). Plan administrators "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Black & Decker*, 538 U. S. at 834. However, they are not required to accept such opinions or afford them any particular weight.

In this case, both Dr. Shultz and Dr. Shavell are board certified rheumatologists. In assessing the medical evidence, they reached different conclusions regarding the symptoms of fibromyalgia. That Prudential reviewed and considered the opinion of Dr. Shultz is well documented in the record. Its failure to adopt or give greater weight to her opinion than that of Dr. Shavell does not render Prudential's decision arbitrary or capricious.

Nor does the fact that Plaintiff was approved for Social Security disability support a finding that Prudential's decision was arbitrary or capricious. The determination of a disability within the meaning of the Social Security Act "cannot be equated with the determination of disability under the ERISA regime." *Meraou v. Williams Co. Long Term Disability Plan*, 221 F. App'x 696, 706 (10th Cir. 2007) (unpublished opinion) (citing *Black & Decker Disability Plan v. Nord*, 538 U. S. 822, 832 (2003)). The Social Security Administration's conclusion that a worker is totally disabled does not

compel an ERISA plan administrator to award disability benefits under the plan.[9] *Wagner-Harding v. Farmland Industries, Inc. Employees Retirement Plan*, 26 F. App'x 811, 817 (10th Cir. 2001) (unpublished opinion). Social Security disability "proceedings are entirely different and separate from a claim under ERISA, with different parties, different evidentiary standards, and different bodies of law governing their outcomes." *Id.* There are "critical differences between the Social Security disability program and ERISA benefit plans." *Black & Decker*, 538 U. S. at 832. Among these is the fact that, in determining Social Security disability eligibility, "the adjudicator measures the claimant's condition against a uniform set of federal criteria"; in contrast, the validity of a claim to benefits under an ERISA plan "'is likely to turn,' in large part, 'on the interpretation of terms in the plan at issue.'" *Id.* at 833 (quoting *Firestone*, 489 U. S. at 115). However, a Social Security determination of disability is a factor that should be at least considered by the plan administrator in reaching its decision. *Wagner-Harding*, 26 F. App'x at 817.

A favorable Social Security disability determination may, in some circumstances, be a factor in the Court's assessment of whether a plan administrator's denial of plan benefits was arbitrary and capricious; thus, where a plan administrator instructs an employee to apply for Social Security disability and later ignores the Social Security Administration's favorable decision, that inconsistency must be considered by the court as a factor in determining whether the administrator's denial was arbitrary. *Brown v. Hartford Life Insurance Co.*, 301 F. App'x 772, 776 (10th Cir. 2008) (unpublished

---

[9]An exception exists if the ERISA plan contains an express provision that a Social Security disability award will be accepted by the plan administrator as proof of total disability. *See Wilcott v. Matlack, Inc.,* 64 F. 3d 1458, 1461 (10th Cir. 1995). The Plan in this case does not contain such language.

opinion)(citing *Glenn,* 128 S. Ct at 2352).[10]

In this case, the Record does not reflect that Prudential required or encouraged Plaintiff to apply for Social Security disability benefits, nor does it establish that Prudential ignored the Social Security decision. On the contrary, the Record reflects Plaintiff submitted a copy of the decision to Prudential in connection with her first request for reconsideration, and that decision remained in her claim file. Under the applicable law applied to the facts of this case, Prudential was not required to adopt the decision of the Social Security Administration, and its failure to do so does not render its benefit denial decision arbitrary or capricious.

IV.  Conclusion:

For the foregoing reasons, the Court concludes that Prudential's denial of Plaintiff's disability claim did not violate ERISA; its decision was neither arbitrary nor capricious and is supported by substantial evidence in the Record. Accordingly, Defendants' Motion for Summary Judgment [Doc. No. 29] is GRANTED; to the extent Plaintiff's Opening Brief is considered a summary judgment motion [Doc. No. 28], the motion is DENIED. Judgment shall enter in favor of Defendants and against Plaintiff on all claims asserted herein.

IT IS SO ORDERED this 29th day of September, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[10] Citing *Glenn*, the Tenth Circuit in *Brown* considered this inconsistency as possibly evidencing a financial conflict because the administrator and insurer were the same entity, and they benefitted from the employee's receipt of Social Security disability payments because such payments reduced the plan's obligation. 301 F. App'x at 776. In *Glenn*, the Supreme Court considered similar facts, as the plan administrator there had also encouraged the employee to seek Social Security disability status; after the Social Security Administration found the employee disabled, however, the plan administrator ignored that finding. *Glenn*, 128 S. Ct. at 2352. *Glenn* viewed this as a factor to be considered in assessing the weight to be afforded the conflict resulting from the fact that the same entity was both plan administrator and insurer.